IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHESAPEAKE EXPLORATION, L.L.C. and (2) CHESAPEAKE INVESTMENTS, an Oklahoma Limited Partnership,<br><br>Plaintiffs,<br><br>v.<br><br>(1) BP AMERICA PRODUCTION COMPANY, and ARBITRATION CONSULTANTS (2) PETER B. BRADFORD, (3) MARK D. CHRISTIANSEN, and (4) VERLAND E. BEHRENS,<br><br>Defendants. | Case No. _____<br>State Court No. CV-2010-517<br>District Court of Oklahoma County |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) & 1446, Defendant BP America Production Company ("BP") removes the above-captioned action from the District Court of Oklahoma County to the United States District Court for the Western District of Oklahoma. The facts that warrant the exercise of removal jurisdiction are:

1. On April 21, 2010, Plaintiffs Chesapeake Exploration, L.L.C. ("Chesapeake Exploration") and Chesapeake Investments ("Chesapeake Investments") filed the Combined Motion for Relief Under the Oklahoma Uniform Arbitration Act and Petition for Declaratory Relief (attached as Exhibit A) that initiated the above-captioned action in the District Court of Oklahoma County. Service of the Summons was effected upon BP's registered agent for service of process on April 28, 2010. (Exhibit B). In compliance with § 1446(b), this Notice of Removal is filed within thirty days after receipt by BP of Plaintiffs' Combined Motion for Relief Under the Oklahoma Uniform Arbitration Act and Petition for Declaratory Relief.

{873653;}   [1]

2. As reflected upon the Oklahoma County docket sheet (Exhibit C), the following additional pleadings have been filed: (1) Memorandum of Law (Exhibit D); (2) Entry of Appearance by Greg McKenzie (Exhibit E); (3) Entry of Appearance by C. Ray Lees (Exhibit F); (4) Entry of Appearance by John Edwards (Exhibit G); (5) Motion to Stay Post-Award Arbitration Proceedings (Exhibit H); (6) Consultants' Response to Plaintiffs' Motion to Stay (Exhibit I); (7) Return of Service (Behrens) (Exhibit J); (8) Return of Service (Bradford) (Exhibit K); (9) Return of Service (Christiansen) (Exhibit L); (10) Return of Service (BP) (Exhibit M); (11) Chesapeake's Reply to Consultants' Response to Motion to Stay Post-Award Arbitration Proceedings (Exhibit N); (12) Entry of Appearance (Behrens) (Exhibit O); (13) Entry of Appearance (Christiansen) (Exhibit P); (14) Entry of Appearance (Bradford) (Exhibit Q).

3. BP removes under the authority of § 1441(a), by which any civil action that might have been brought under the original jurisdiction of the federal district courts may later be removed to the district embracing the state jurisdiction in which the action is pending. By the terms of 28 U.S.C § 116(c), this Court is the proper forum for an action removed from Oklahoma County.

4. This Court's authority to exercise subject matter jurisdiction over this action is established by 28 U.S.C. § 1332(a), which requires a showing (1) that the parties are citizens of different states, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Chesapeake Exploration is a limited liability company whose sole member is Chesapeake Energy Corporation. (Exhibit R). In turn, Chesapeake Energy Corporation is an Oklahoma corporation having its principal place of business in Oklahoma.

6. Chesapeake Investments is a limited partnership whose sole general partner is Aubrey McClendon, a resident of Oklahoma. Upon information and belief, the sole limited partner of Chesapeake Investments is Katie McClendon, also a resident of Oklahoma. (Exhibit S).

7. BP is a Delaware corporation having its principal place of business in a jurisdiction other than Oklahoma. (Exhibit T).

8. Defendants Peter B. Bradford, Mark D. Christiansen and Verland E. Behrens are residents of Oklahoma who comprise the arbitration Panel of which Plaintiffs complain. These Defendants, whose complained-of actions are acts taken in their capacity as arbitrators, are entirely nominal parties whose citizenship may, by operation of law, be disregarded for the purpose of determining whether diversity jurisdiction is present. See, e.g., Heller v. New York City Health and Hosps. Corp., No. 09 Civ 6193(LTS)(GWG), 2010 WL 481336 at *3 (S.D.N.Y. Feb. 1, 2010) ("Nominal party status arises out of the nature of that party's relationship to the controversy, and thus has been extended to an arbitrator whose decision was sought to be vacated." (citing Sierra v. Bally Total Fitness Corp., No. 1:06-CV-01688-ENV-MDG, 2007 WL 1028937 at *2 (E.D.N.Y. Mar. 30, 2007))); Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Additionally, the legal status of the Panel members makes their consent to removal unnecessary as a matter of law. See NPL, Inc. v. Pagoda Ventures, Ltd., No. 08-CV-346-TJK-SAJ, 2008 WL 3387467 at *3 (N.D. Okla. Aug. 8, 2008) (citing multiple cases affirming that nominal parties need not join in a removal petition).

9. Although Plaintiffs have purported to plead a declaratory judgment claim against the members of the Panel, and although their Petition and Motion to Stay have requested the

entry of injunctive relief against the Panel to prevent them from taking any additional action to clarify their December 30, 2009 award, the actual controversy pleaded by Plaintiffs is one for which the Court need exercise subject matter jurisdiction over only Plaintiffs and BP. That result follows from the reality that Plaintiffs' Petition essentially contends only this: (1) That the Panel's jurisdiction—pursuant to the parties' arbitration agreement—to enter any award necessarily expired upon the issuance of their December 30, 2009 award; (2) That the "clarification" presently requested by BP is contrary to a prior settlement; (3) That, as a consequence, the Panel is presently without authority to take any further action in connection with its prior award; and (4) That, accordingly, the Panel's December 30, 2009 should be modified and confirmed, without opportunity for the clarification requested by BP. (Petition, ¶¶ 13-15, 25, 37-40). Unambiguously, the members of the Panel are entirely unnecessary to any dispute concerning the meaning of the parties' arbitration agreement, or any prior settlement agreement. If either agreement is unambiguous, it has meaning as a matter of law. If either agreement is ambiguous, its meaning should be resolved by a determination of the intentions of the contracting parties. Regardless, the members of the Panel cannot possibly play any role.

10. That the Panel members are entirely unnecessary for the adjudication of Chesapeake's claims is confirmed by two practical realities. The first of those realities is this: Whether Chesapeake prevails in its effort to modify and to confirm the December 30, 2009 award, or whether its effort is denied, it will be unnecessary for the Court to grant any relief against the Panel members. Only BP, as the real party in interest in relation to the meaning of the arbitration agreement, will be affected:

> Just as a litigant files an appeal, rather than suing the judge or the court of which the judge is a member, if he does not like decisions by the trial court (including calculations of filing fees and costs), so a party to arbitration should sue to enforce or set aside the award, naming as the adverse litigants the other parties to

{873653;}  [4]

the original contract. (Applications for mandamus, to which district judges were nominal parties before the 1996 amendment to Fed. R. App. P. 21(a), are a form of appellate proceeding within a suit involving the real adversaries.) Like judges, arbitrators "have no interest in the outcome of the dispute between [the parties to the contract], and they should not be compelled to become parties to that dispute." Caudle v. American Arbitration Ass'n, 230 F.3d 920, 922 (7th Cir. 2000) (Easterbrook, J.) (citation omitted) (emphasis added). For those reasons, there simply is no adversarial relationship between Chesapeake and the Panel members. See, e.g., Sierra, 2007 WL 1028937 at *2 (concluding that an arbitrator was a nominal party because plaintiff's request for vacatur of an arbitration award could result in no relief against the arbitrator).

11.  The second reality that confirms the nominal party status of the Panel members concerns Plaintiffs' effective surrender of any claims against the Panel members. Even if Plaintiffs otherwise properly named the Panel members as Defendants in an action seeking prospective injunctive relief, the following events have eliminated any actual controversy (on which Plaintiffs' claim for declaratory judgment depends) between Plaintiffs and the Panel members:

> •   In response to Plaintiffs' Motion to Stay Post-Award Arbitration Proceedings (Exhibit H), the Panel members filed Consultants' Response to Plaintiffs' Motion to Stay (Exhibit I). In that response, the Panel members agreed "to take no further action in the arbitration proceeding until the District Court has addressed the pending Motion to Stay filed by the Plaintiffs, or until further Order of this Court" (¶ 2), and requested "an order from the Court excusing the Consultants from any need to file Answers in this cause, appear at hearings, respond to future filings, and take any other action in this case unless the Court directs otherwise as to specific future matters" (¶ 3).
>
> •   In turn, in Chesapeake's Reply to Consultants' Response to Motion to Stay Post-Award Arbitration Proceedings (Exhibit N), Plaintiffs explained that they had "no objection" to the foregoing request by the Panel.

{873653;} [5]

Accordingly, Plaintiffs have acknowledged that they do not intend to require the Panel members to participate in any aspect of the Court's decision concerning the scope of the parties' arbitration agreement.

12. Plaintiffs' Petition (¶ 57) explicitly seeks to prevent an award by the arbitrators of $22,265,302, and thereby expressly seeks damages in excess of the amount-in-controversy requirement of § 1332(a).

Upon those facts, BP removes the above-captioned action to the United States District Court for the Western District of Oklahoma.

DATED this 17th day of May, 2010.

Respectfully submitted,

/s/Dale E. Cottingham
Dale E. Cottingham, OBA #1937
Bradley W. Welsh, OBA #18488
GABLE & GOTWALS
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, OK 73102-7101
(405) 235-5500
(405) 235-2875 (fax)

## CERTIFICATE OF SERVICE

On the 17th day of May, 2010, true and correct copies of the foregoing Notice of Removal were served by United States Mail upon the following persons:

Greg McKenzie
19100 Saddle River Drive
Edmond, OK  73012

C. Ray Lees
John Edwards
Commercial Law Group, P.C.
5520 North Francis Avenue
Oklahoma City, OK  73118-6040

Joshua C. Greenhaw
Mee, Mee, Hoge & Epperson, PLLP
1900 NW Expressway, Suite 1400
Oklahoma City, OK  73118

Peter B. Bradford
Conner & Winters, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK  73102

Mark D. Christiansen
Crowe & Dunlevy
20 North Broadway, Suite 1800
Oklahoma City, OK  73102

Verland E. Behrens
6 Northeast 63rd, Suite 400
Oklahoma City, OK  73105

/s/Dale E. Cottingham