## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BP AMERICA PRODUCTION COMPANY,       )
                                     )
                Plaintiff,           )
                                     )
vs.                                  )          Case No. CIV-10-519-M
                                     )
CHESAPEAKE EXPLORATION, LLC, et al., )
                                     )
                Defendants.          )

## ORDER

Before the Court is defendants' Motion to Reconsider, filed December 14, 2012.[1]   On

December 27, 2012, plaintiff's Motion to Strike was filed.  In their motion, defendants move this

Court to reconsider its Order of September 25, 2012 denying their Motion for Summary Judgment.

"Grounds warranting a motion to reconsider include (1) an intervening change in the

controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent

manifest injustice."  *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir.

2000).  A motion to reconsider is appropriate "where the court has misapprehended the facts, a

party's position, or the controlling law" but is not appropriate "to revisit issues already addressed

or advance arguments that could have been raised in prior briefing."  *Id.*

Defendants move this Court to reconsider its September 25, 2012 Order recognizing material

facts are in dispute in this case relative to whether an additional $22,000,000 (approximate) is owed

to plaintiff pursuant to a 2008 Purchase and Sale Agreement ("PSA") between the parties.

Defendants argue the Court failed to address whether it is permitted to adjudicate the issues

---

[1]On January 8, 2013 the Court granted BP America Production Company's Unopposed Motion for Realignment of the Parties [docket 110].  BP America Production Company is realigned as the sole plaintiff and Chesapeake Exploration, LLC and Chesapeake Investments are realigned as the defendants in this case.

presented by the parties, specifically, whether the December 30, 2009 Award of arbitrators in this case was in fact a final award or whether there is an additional $22,000,000 (approximate) owed to plaintiff.  Defendants contend the December 30, 2009 Award was final and the equivalent of a final judgment and that this matter should not be adjudicated by this Court.[2]

This case, originally filed in the District Court of Oklahoma County by defendants, arises out of defendants' July 2008 sale to plaintiff of a substantial number of oil and gas properties located in eastern Oklahoma.  On May 17, 2010, plaintiff removed this case to this Court.  On February 2, 2012, this matter was reassigned to Chief Judge Vicki Miles-LaGrange.   The sale was pursuant to a "Purchase and Sale Agreement" ("PSA") which included various mechanisms for the resolution of post-closing disputes arising out of the agreements.  The parties resolved many of the post-closing disputes on their own.  The process resulted in an "Award" issued by an Arbitration Panel on December 30, 2009.   The Award was supplemented and clarified by certain rulings by the Arbitration Panel.  The Arbitration Panel decided certain identified title defect claims in plaintiff's favor totaling $11,526,434 in value.   It decided benefit claims in defendants' favor totaling $3,727,031.  It decided other title credit claims against defendants.  The Panel did not address the impact of its ruling on the amounts ultimately owed by or to the parties under the PSA.  It noted its willingness to address that if requested by the parties.   In their Award the Arbitrators made the following explanatory comments:

> The Panel has made no effort to determine, and the Panel makes no ruling herein, whether the threshold levels under the Purchase and Sale Agreement have been satisfied in order for any actual increases or decreases in amounts paid and/or received to result from the individual determinations below.  The Panel assumes that, with the

---

[2]On September 20, 2011, the parties filed in this case a *Proposal As To Process and Timetable for Resolution* [docket no. 49] agreeing to defer the additional $22,000,000 issue to the Court for resolution.

> determinations made below, the parties can arrive at the impact of the
> Panel's rulings on the additional amounts to be paid and/or received
> by each of the parties.  If that assumption is in error and if the parties
> need for the Panel to make those determinations, the parties should
> submit arbitration position statements on those issues for the
> consideration of the Panel, describing the additional issues to be
> determined and the argument of each party on those issues.

Panel December 30, 2009 Final Award, Exhibit 11, Plaintiffs' reply to Defendant's response to

Plaintiffs' Motion for Summary Judgment.

Throughout the parties have disagreed as to the impact of the Panel's rulings.  Plaintiff

maintains that it is still owed an additional $22,000,000 (approximate) over and above the

$11,526,434 attributable to title defects.  Defendants contend the December 30, 2008 Award is final

and pursuant to the PSA, plaintiff has waived entitlement to any additional amounts. Subsequent to

the Award, the parties jointly submitted a proposal for  resolving  the issue of the additional

$22,000,000 to the Court.

Having carefully reviewed defendants' motion, the Court finds no grounds warranting

reconsideration in the case at bar.  Specifically, the Court finds no intervening change in the

controlling law, no new evidence previously unavailable, and no need to correct clear error or

prevent manifest injustice.  The Court further finds it did not misapprehend the facts, it did not

misapprehend defendants' position, and it did not misapprehend the controlling law.

Accordingly, the Court DENIES defendants' motion for reconsideration [docket no. 102].

In light of the above, plaintiff's motion to strike defendants' motion for reconsideration [docket no.

105] is moot.

**IT IS SO ORDERED this 17th day of January, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE