IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BP AMERICA PRODUCTION COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-519-M |
| ) | |
| CHESAPEAKE EXPLORATION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Before the Court is the Motion to Strike Defendants' Specific Deposition Designations by Plaintiff BP America Production Company, filed January 31, 2013. Defendants' Response to Plaintiff's Motion to Strike Defendants' Deposition Designations was filed on February 4, 2013. Plaintiff seeks an Order from the Court striking defendants' deposition designations of plaintiff's witnesses Brandon A. Kastman and Tim Harrington.

Plaintiff BP America Production Company ("BP") contends pursuant to a non Rule 30(b)(6) notice, Brandon A. Kastman's ("Kastman") oral deposition was taken by defendant on January 12, 2013. During his deposition Kastman testified he was employed by plaintiff as a project manager in the North American gas business development group. *See* Exhibit 3 - BP's Motion in Limine - Kastman's deposition transcript, pg. 4. BP also contends that on January 13, 2013, pursuant to a non Rule 30(b)(6) notice, the oral deposition of Tim Harrington ("Harrington"), BP's regional vice president was also taken. BP contends subsequent to the exchange in December 2012 of the parties' witness list, BP agreed to produce Harrington and Kastman at trial. BP contends in its Motion to Strike that both Harrington and Kastman will appear and testify at trial. BP contends Federal Rule of Civil Procedure 32 permits the use at trial of the deposition testimony of an "unavailable witness" in lieu of that witness's live testimony. *See* Fed. R. Civ. P. 32(a)(4).

On January 24, 2013, defendants filed specific designations of both Harrington and Kastman's deposition testimony to be introduced during trial. BP objects to the introduction of Harrington and Kastman's deposition testimony during trial because both are available and the deposition testimony would likely be cumulative or repetitive testimony if presented during trial. BP also seeks to strike Harrington and Kastman's deposition testimony because neither witness was noticed as a Rule 30(b)(6) designee and at the time of his deposition Kastman was not an officer, director, or managing agent, or designee of BP. Defendants argue, even if both witnesses appear at trial, because Harrington is an officer of BP, the deposition of Harrington may be used during trial for any purpose.

Fed. R. Civ. P. 32(a)(3) provides:

> ***Deposition of Party, Agent, or Designee.*** An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

Fed. R. Civ. P. 32(a)(3).

Upon review of the parties' submissions, the Court finds that BP's motion to strike should be granted in part and denied in part. Specifically, because at the time of his deposition Tim Harrington was an officer of BP, according to Rule 32(a)(3), defendants should be allowed to use his deposition during trial for any purpose. The Court also finds that defendants have failed to sustain their burden of proving the deposition testimony of Kastman is admissible under Rule 32. It is not disputed that Kastman will appear and testify at trial. As such, Kastman is not unavailable as defined in Rule 32. Additionally, the Court finds that the introduction of the deposition testimony of Kastman, "an available" witness, would be cumulative and unnecessary.

For the above reasons the Court GRANTS IN PART and DENIES IN PART the Motion to Strike Defendants' Specific Deposition Designations by Plaintiff BP America Production Company

[docket no. 136]. As set forth herein, BP's objection to the testimony by deposition of Tim Harrington is overruled as authorized by Rule 32(a)(3). BP's objection to the testimony by deposition of Brandon A. Kastman is sustained because he is not unavailable and deposition testimony would likely be cumulative.[1]

**IT IS SO ORDERED this 15th day of February, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Mr. Kastman does not appear, the Court will re-visit the submission of the designated deposition testimony during trial.