**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BP AMERICA PRODUCTION COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHESAPEAKE EXPLORATION, LLC, et al., ) <br> ) <br> Defendants. ) | Case No. CIV-10-519-M |

**ORDER**

Before the Court is plaintiff's Motion for Attorneys' Fees and Costs, filed April 16, 2013. On May 10, 2013, defendants filed their response, and on May 17, 2013, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

This breach of contract action arises out of Chesapeake Exploration, LLC and Chesapeake Investments, an Oklahoma Limited Partnership's ("Chesapeake") July 2008 sale to BP America Production Company ("BP") of a large number of oil and gas properties located in eastern Oklahoma for a purchase price of $1,750,000,000. The sale was pursuant to a "Purchase and Sale Agreement" ("PSA") dated July 14, 2008, which included various mechanisms for the resolution of title disputes arising out of the agreement including a post-closing period during which the parties could investigate and verify the state of Chesapeake's title to the various properties covered by the PSA. The closing date was approximately three weeks after the PSA was signed, August 8, 2008.

The PSA agreement was structured so that BP paid the full purchase price of $1.75 billion at closing, but after closing BP would have a period to investigate and conduct due diligence on matters such as whether Chesapeake actually had title to all the properties it purported to sell. By

1

April 17, 2009, Chesapeake and BP had agreed on Title defects valued at $116,234,556 pursuant to the terms of the PSA. After deducting the aggregate defect threshold of $35,000.00, the amount due to BP for these agreed title defects was $81,234,556. After several attempts by the parties to reconcile the numbers, on April 29, 2009, Chesapeake substituted the figure $58,969,253 for the $80,799,080 the parties had agreed would be the purchase price adjustment and the amount to be refunded by Chesapeake. Thereafter, Chesapeake paid $59,857,470 to BP. The parties were unable to resolve the remaining disputed title issues as well as Chesapeake's payment of the remaining $22,265,302 in agreed title defects owed to BP.

On May 8, 2009, the disputed title claims were submitted to title arbitration pursuant to the PSA. Both parties continued to pursue its disputed claims. On December 30, 2009, the title arbitration panel awarded $11,526,434 in title defects, and $3,737,031 in title benefits to BP. The arbitration panel denied all of Chesapeake's claims for title credits.

On January 5, 2010, BP requested from Chesapeake an initial payment of $21,345,550, on the $33,791,736 still owed ($11,526,434 awarded by the arbitration panel for disputed title defects, plus $22,265,302 for agreed title defects). On February 2, 2010, after certain elections were made by BP under the arbitration panel's award, Chesapeake paid $11,526,434 to BP.

On March 24, 2010, BP sent an email to the arbitration panel noting that Chesapeake still had not paid the full amount due as a result of the panel's arbitration award and requested further clarification. On April 2, 2010, the arbitration panel asked BP to provide a detailed explanation of the $22,265,302 of agreed title defects owed and permitted Chesapeake to respond. On April 12, 2010, BP provided the detailed reconciliation requested by the arbitration panel demonstrating how it arrived at the $22,265,302 in agreed title defects withheld by Chesapeake. Rather than responding

to BP's April 12, 2010 submission to the arbitration panel, Chesapeake commenced this litigation in the state court on April 21, 2010, seeking an order prohibiting the arbitration panel from considering the matter further. On May 17, 2010, this matter was removed to this Court by BP.

On February 20, 21, and 25, 2013, the non-jury trial in this matter was held, and on April 5, 2013, this Court entered judgment in favor of BP for the sum of $22,265,302 for unpaid agreed title defects with interest accrued and accruing thereon from and after February 2, 2010 at the rate of six percent (6%) per annum until paid. The Court also held that the issues of attorneys' fees and costs were premature and would need to be submitted by separate motions and considered by the Court at a later date.

## II.   Discussion

BP now moves the Court to assess attorneys' fees in the amount of $1,334,952.00. BP also seeks an award of costs, in the amount of $26,012.50, and an award for disbursements, in the amount of $68,717.38, against Chesapeake for a total amount of $1,429,681.88 for services rendered and expenses incurred through March 31, 2013. Specifically, BP asserts pursuant to Federal Rule of Civil Procedure 54, 28 U.S.C. § 1920 and the expressed terms of the PSA, it is entitled to a reasonable attorneys' fee, costs and disbursements incurred with respect to the actions and proceedings arising under the PSA because of its $22,265,302 judgment against defendants.

## III.   Costs

Local Civil Rule 54.1 provides, in pertinent part:

> A prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs on the form provided by the Clerk and support the same with a brief. The bill of costs and brief shall be filed not more than 14 days after entry of judgment. Any request shall be a separate document from a motion for legal fees.

LCvR 54.1.

In addition to the request for costs made by BP in the instant motion, BP timely filed a separate Bill of Costs on April 26, 2013, pursuant to Local Civil Rule 54.1, requesting the same $26,012.50 in costs. On June 24, 2013, the hearing on BP's Bill of Costs was held, and on July 18, 2013, costs were taxed by the Court Clerk against Chesapeake in the amount of $3,627.50. Because BP's costs have been taxed by the Court Clerk, the Court FINDS BP's request for costs in the instant motion is MOOT.

IV.   Entitlement to Attorneys' Fees

BP contends as the prevailing party with respect to all actions and proceedings arising under the PSA it is entitled to a reasonable attorneys' fee of $1,334,952.00 and disbursements in the amount of $68,717.38 for a total amount of $1,403,669.38. BP also contends pursuant to the terms of the PSA, the parties agreed that attorneys' fees and disbursements would be paid by the non-prevailing party. BP argues that considering the nature and complexity of this matter the time spent and the rates are reasonable for the services performed. Chesapeake contends BP's request for fees associated with the title arbitration should be denied because both the arbitration panel and the Court have already declined to award fees. Chesapeake also argues that BP has failed to prove the reasonableness of its fees as they relate to the litigation. Alternatively, Chesapeake argues that because of the complexity of the issues in this case that BP's motion should be stayed until the appeal in this case is determined.

A.   Pursuant to PSA

In the case at bar, the parties do not dispute that there is a provision in the PSA awarding attorneys' fees and disbursements to the prevailing party. Specifically, Section 15.12 of the PSA

provides:

> If any Party institutes an action or proceeding against any other Party relating to the provisions of this Agreement, including arbitration, the Party to such action or proceedings which does not prevail will reimburse the prevailing Party therein for the reasonable expenses of attorneys' fees and disbursements incurred by the prevailing Party.

Joint Trial Exhibit 1, page 57. In their response, Chesapeake argues BP is not entitled to an award of attorneys' fees because both the arbitration panel and Judge Heaton declined to award fees related to the title arbitration proceedings. Having reviewed the court file, and particularly the arbitration panel's January 26, 2011 Award and Judge Heaton's August 26, 2011 Order, neither ruled against BP's request for attorneys' fees, but rather deferred ruling until further proceedings were completed. Thus, to the extent BP is seeking attorneys' fees and disbursements based upon the specific provisions within the PSA, the Court finds that BP is entitled to attorneys' fees. The Court also finds no basis for staying the decision on BP's motion for attorneys' fees and disbursements as alternatively requested by Chesapeake.

B.   Entitlement Under Oklahoma Law

BP also asserts that its motion for attorneys' fees falls within the terms of 12 § 936. Chesapeake concedes that in this diversity case, the reasonableness of BP's request is governed by state law. Chesapeake also contends, without referring to any incorrect time entries, that BP should review and correct its entries.

Section 936(A) provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be

taxed and collected as costs.

Okla. Stat. tit. 12, § 936(A). Having reviewed the parties' submissions, the Court finds that BP's breach of contract claim clearly falls within the terms of § 936(A). Because the Court found in favor of BP on its breach of the PSA claim, the Court finds that BP is the prevailing party. *See Atwood III v. Atwood*, 2001 OK CIV APP 48, ¶ 55, 25 P.3d 936, 949 ("In Oklahoma jurisprudence, the concept of 'prevailing party' is result oriented. A party prevails who succeeds on the merits of the claim. The prevailing party is the one who has judgment tendered at the conclusion of the action.") (citations omitted).

In this case, BP received a $11,526,434 award from the arbitration panel and a judgment for the sum of $22,265,302 against Chesapeake. Accordingly, the Court finds that BP is entitled to attorneys' fees as the prevailing party.

V.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART BP's Motion for Attorneys' Fees and Costs [docket no. 170][1] and AWARDS BP attorneys' fees in the amount of $1,334,952.00 and disbursements in the amount of $68,717.38 for a total of $1,403,669.38 against Chesapeake.

**IT IS SO ORDERED this 29th day of July, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] On July 17, 2013, the Court Clerk assessed $3,627.50 in costs against Chesapeake.