IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-10-519-M |
| CHESAPEAKE EXPLORATION, LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is plaintiff BP America Production Company's ("BP") Motion for Review of Taxing of Costs, filed July 25, 2013. On August 15, 2013, defendants Chesapeake Exploration, L.L.C. and Chesapeake Investments (collectively "Chesapeake") filed their response, and on August 16, 2013, BP filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

On April 21, 2010, Chesapeake commenced this litigation in the District Court of Oklahoma County, Oklahoma, seeking an order prohibiting an arbitration panel from considering this matter any further.[1] On May 17, 2010, this matter was removed to this Court by BP. On

---

[1]This litigation arises out of a breach of contract action between BP and Chesapeake. On July 14, 2008, the parties entered into a contract for the sale of a large number of oil and gas properties located in eastern Oklahoma. Pursuant to the "Purchase and Sale Agreement" ("PSA"), after closing, BP would have a period to investigate and conduct due diligence on matters such as whether Chesapeake actually had title to the properties it purported to sell. A disputed title issue arose between the two parties and on May 8, 2009, the disputed title claims were submitted to title arbitration pursuant to the PSA. On December 30, 2009, the arbitration panel awarded $11,526,434 in title defects, and $3,737,031 in title benefits to BP. On March 24, 2010, BP notified the arbitration panel that Chesapeake had not paid the full amount due and requested the panel to provide further clarification. On April 2, 2010, the arbitration panel asked BP to provide

February 20, 21, and 25, 2013, the non-jury trial in this matter was held, and on April 5, 2013, this Court entered judgment in favor of BP.[2] On April 26, 2013, BP filed two documents (1) a Bill of Cost [docket no. 169] and (2) a Motion for Attorneys' Fees and Costs and Brief in Support Thereof and In Support of Bill of Costs ("Motion for Fees/Costs") [docket no. 170].

BP included costs of demonstrative exhibits of $22,385.00 in both its Bill of Costs and Motion for Fee/Costs. On July 18, 2013, the Court Clerk taxed costs in the amount of $3,627.50 against Chesapeake and denied BP's request for $22,385.00 in costs related to demonstrative exhibits used at trial [docket no. 193]. The Court, on July 29, 2013, awarded BP attorneys' fees and disbursements[3] against Chesapeake but found that BP's request for costs in the amount of $26,012.50 was moot because the Court Clerk had already taxed costs against Chesapeake in the amount of $3,627.50.  BP now moves the Court to review the taxation of costs.

II. Discussion

   A. Judicial Review

In their response to BP's Motion for Review of Taxing of Costs, Chesapeake contends that BP's motion is moot pursuant to the Court's Order [docket no. 198] filed July 29, 2013, at Sec. III, p.4, which stated:

> In addition to the request for costs made by BP in the instant motion, BP timely filed a separate Bill of Costs on April 26, 2013, pursuant to Local Civil Rule 54.1, requesting the same $26,012.50 in costs. On June 24, 2013, the hearing on BP's Bill of Costs was held, and on July 18, 2013, costs were taxed by the Court Clerk against Chesapeake in the amount of $3,627.50. Because BP's

---

. . . a detailed explanation of the amount still owed, and allowed Chesapeake to respond.  Rather than responding, Chesapeake commenced this action in state court.
[2] The Court awarded BP the sum of $22,265,302 for unpaid agreed title defects with interest accrued and accruing thereon from and after February 2, 2010, at the rate of six percent (6%) per annum until paid.
[3] The Court awarded BP attorneys' fees in the amount of $1,334,952.00 and disbursements in the amount of $68,717.38 for a total of $1,403,669.38 against Chesapeake.

2

> costs have been taxed by the Court Clerk, the Court FINDS BP's request for costs in the instant action is MOOT.

BP asserts that the Court did not rule on the merits of BP's request for $22,385.00 in costs related to demonstrative exhibits at trial and, therefore, it is entitled to judicial review of the Court Clerk's taxing of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs other than attorney's fees—should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice. On motion served within 7 days, the court may review the clerk's action.

The Court only found BP's request for costs of $22,385.00 for demonstrative exhibits used at trial moot as to BP's Motion for Attorneys' Fees and Costs [docket no. 170] and did not rule on the merits of BP's request for costs related to demonstrative exhibits. Accordingly, the Court finds that BP is entitled to judicial review of the Court Clerk's taxing of costs and that BP's, timely filed, Motion for Review of Taxing of Costs is not MOOT.

    B.    Fees for exemplification and copies

In its motion, BP requests the Court to review the Court Clerk's taxation of costs and seeks an order awarding it an additional $22,385.00 in costs for demonstrative exhibits used at trial. BP contends that as the prevailing party and pursuant to the terms of the PSA[4], Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. § 1920, BP is entitled to recover certain of the costs incurred in this action.

---

[4] Joint Exhibit 1, PSA, § 15.12 [docket no. 80-2] provides that:
> If any Party institutes an action or proceeding against any other Party relating to the provisions of this Agreement, including arbitration, the Party to such action or proceeding which does not prevail will reimburse the prevailing Party therein for the reasonable expenses of attorneys' fees and disbursements incurred by the prevailing Party.

28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as cost . . . fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

28 U.S.C. § 1920(4). The Tenth Circuit has found that:

> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Materials produced "solely for discovery" do not meet this threshold. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial."
>
> Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." The standard is one of reasonableness. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."

*In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009) (internal citations omitted).

Further,

> "Exemplification" under § 1920(4) has been interpreted to include a variety of demonstrative evidence, including models, charts, photographs, illustrations, and other graphic aids. Even so, there must be a showing that the fees are necessary as opposed to merely convenient or helpful.

*Osorio v. One World Techs. Inc.*, 834 F. Supp. 2d 20, 23 (D. Mass. 2011) (internal citations omitted).

BP asserts that the demonstrative exhibits were extensively used in the non-jury trial of this matter. These exhibits consisted of charts, timelines, excerpts, and blowups of documents and deposition testimony, and other material to assist in explaining the complex transactions and series of events at issue at trial. BP also contends that the reasonableness and importance of the use of these demonstrative aids is evidenced by the fact that both parties prepared and used over forty pages of such exhibits during trial and submitted these materials into evidence for the Court's further consideration. Further, BP provided an invoice from Legal Graphics [docket no. 169-3], which gave a breakdown of the costs associated with the creation and use of the demonstrative evidence presented by BP.

Taking into consideration the facts and circumstances surrounding the extensive use and the submission into evidence of the demonstrative exhibits at the non-jury trial held on February 20, 21, and 25, 2013, the Court finds that BP has satisfied its burden of showing that the copies were necessarily obtained for use in this case. Accordingly, the Court finds that BP should not have been denied the $22,385.00 in costs for demonstrative exhibits used at trial.

III.    Conclusion

For the reasons set forth above, the Court GRANTS BP's Motion for Review of Taxing

of Costs [docket no. 196] and AWARDS BP costs for demonstrative exhibits used at trial in the amount of $22,385.00.

**IT IS SO ORDERED this 12th day of November, 2013.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE